NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACEY E. BOGLE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CRAIG ROBERTS, in his Official Capacity as Clackamas County Sheriff; et al., <br><br> Defendants-Appellees. | No.    17-35980 <br><br> D.C. No. 3:15-cv-00013-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted December 6, 2018[**]

Before:  FARRIS, TROTT, and TALLMAN, Circuit Judges.

Tracey E. Bogle appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that officers used excessive force when arresting him.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's summary judgment and an officer's entitlement to qualified

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immunity. *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment on Bogle's excessive force claim premised on a first dog bite because, after resolving all factual disputes in favor of Bogle, defendants' use of a canine was objectively reasonable. *See Smith v. City of Hemet*, 394 F.3d 689, 700-01 (9th Cir. 2005) (en banc) (setting forth standard for claim of excessive force during arrest). Contrary to Bogle's assertions, we do not find any indication in his opinion that the district court acted as a trier of fact and made credibility determinations.

The district court properly granted summary judgment on Bogle's excessive force claim against Robinson because Bogle failed to raise a genuine dispute of material fact as to whether Robinson's use of force was objectively reasonable. *See id.* In resolving defendants' motion on this claim, the district court did not abuse its discretion by applying the sham affidavit rule to disregard Bogle's factual statements that clearly contradicted his prior deposition testimony. *See Yeager v. Bowlin*, 693 F.3d 1076, 1079-80 (9th Cir. 2012) (requirements for sham affidavit rule and standard of review).

The district court properly granted summary judgment on the basis of qualified immunity on Bogle's excessive force claim arising from McGlothin's use of a canine because there are no cases "where an officer acting under similar

17-35980

circumstances . . . was held to have violated the Fourth Amendment." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (clearly established law must be "particularized" to the facts of the case).

The district court properly granted summary judgment on Bogle's municipal liability claim because Bogle failed to raise a genuine dispute of material fact as to whether the county maintained a custom or policy of using excessive force. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802-03 (9th Cir. 2018) (requirements for municipal liability under § 1983). To the extent that Bogle raised a facial challenge, Bogle failed to raise a genuine dispute of material fact as to whether the county's canine use of force policy could not be applied in a constitutional manner. *See Lanier v. City of Woodburn*, 518 F.3d 1147, 1150 (9th Cir. 2008) ("[A] policy of general applicability is facially valid unless it can *never* be applied in a constitutional manner.").

The district court properly granted summary judgment for Roberts because Bogle failed to raise a genuine dispute of material fact as to a causal connection between Roberts's personal conduct and the alleged constitutional violations, or whether Roberts ratified any alleged wrongdoing by defendants. *See Rodriguez*, 891 F.3d at 798 (requirements for supervisory liability under § 1983).

The district court did not abuse its discretion by denying Bogle's motion for leave to amend his complaint because leave to amend would have caused undue

delay and potential prejudice to defendants. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 949, 951-954 (9th Cir. 2006) (setting forth standard of review and explaining that leave to amend can be denied on the basis of prejudice or undue delay).

The district court did not abuse its discretion by denying in part Bogle's motions to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review; discovery rulings "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Bogle's motion for appointment of an expert witness. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (standard of review).

**AFFIRMED.**